UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, Derivatively on Behalf of COSTCO WHOLESALE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. SINEGAL, JEFFREY H. BROTMAN, RICHARD A. GALANTI, RICHARD D. DICERCHIO, FRANZ E. LAZARUS, W. CRAIG JELINEK, PAUL G. MOULTON, DAVID S. PETTERSON, JOSEPH P. PORTERA, THOMAS K. WALKER, DENNIS R. ZOOK, BENJAMIN S. CARSON, SR., SUSAN L. DECKER, DANIEL J. EVANS, WILLIAM H. GATES, SR., HAMILTON E. JAMES, RICHARD M. LIBENSON, JOHN W. MEISENBACH, CHARLES T. MUNGER, and JILL S. RUCKELSHAUS,<br><br>Defendants,<br><br>and<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation,<br><br>Nominal Defendant. | C08-1450Z<br><br>ORDER |

ORDER 1–

| | |
|---|---|
| DANIEL BUCKFIRE Derivatively on Behalf of Nominal Defendant, COSTCO WHOLESALE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. SENEGAL, JEFFREY H. BROTMAN, RICHARD A. GALANTI, RICHARD D. DICERCHIO, DENNIS R. ZOOK, THOMAS K. WALKER, JOSEPH P. PORTERA, PAUL G. MOULTON, FRANZ E. LAZARUS, DAVID S. PETTERSON, W. CRAIG JELINEK, RICHARD OLIN, JOHN W. MEISENBACH, HAMILTON E. JAMES, RICARD M. LIBENSON, JILL S. RUCKELSHAUS, BENJAMIN S. CARSON, SR., CHARLES T. MUNGER, DAVID B. LOGE and EDWARD B. MARON,<br><br>Defendants. | C09-893Z |

THIS MATTER comes before the Court on the parties' stipulation and proposed order, docket no. 39. The Court treats the parties' stipulation as a motion to consolidate the two related actions pursuant to Federal Rule of Civil Procedure 42(a), and GRANTS the motion, as outlined herein.

The Court ORDERS that Civil Action No. 2:09-cv-00893-TSZ be CONSOLIDATED into Civil Action No. 2:08-cv-01450-TSZ for all purposes, including pre-trial proceedings and trial, before this Court. The parties are directed to file all future pleadings only under Civil Action No. 2:08-cv-01450-TSZ. Civil Action No. 2:09-cv-00893-TSZ shall be closed.

The Court DECLINES to set up a master docket for the consolidated action and DECLINES to order that any as-yet unidentified subsequent actions be consolidated into this action.

Pursuant to the stipulation of the parties, the Court ORDERS that Coughlin Stoia Geller Rudman & Robbins LLP shall serve as Lead Counsel for Plaintiffs. Lead Counsel

ORDER 2–

shall have authority to speak for all Plaintiffs in the consolidated action with respect to the following matters: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) any other pre-trial procedure; (g) the conduct of trial; (h) the timing and substance of any settlement negotiations with Defendants; and (i) other matters concerning the prosecution or resolution of the consolidated action. Lead Counsel shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Lead Counsel shall have authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs. Defendants' counsel may rely on all agreements made with Lead Counsel, and such agreements shall be binding on the other plaintiffs' counsel and their respective clients. Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of the Court. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any Plaintiffs except through Lead Counsel.

Pursuant to the stipulation of the parties, the Court ORDERS that Plaintiffs shall file a consolidated complaint by Friday, September 25, 2009. The consolidated complaint shall be deemed the operative complaint, superceding all complaints filed in either of the actions consolidated hereunder. Defendants shall have up to 45 days after the filing of the consolidated complaint to move, answer or otherwise respond to the consolidated complaint. Plaintiffs shall file their opposition to any motion(s) filed by any Defendant within 30 days after the filing of such motion(s). Defendants shall file any replies to Plaintiffs' opposition within 21 days after Plaintiffs' filing of the opposition. Accordingly, any motion(s) responding to the consolidated complaint filed by any Defendant shall be noted for 51 days after the filing of such motion(s).

ORDER 3–

1      IT IS SO ORDERED.

2      DATED this 12th day of August, 2009.

                                               /s/ Thomas S. Zilly
                                               Thomas S. Zilly
                                             United States District Judge

ORDER 4–